IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DYLAN SCOTT CORRAL,

    Plaintiff,

  vs.

WOODMAN,

    Defendant.

No. 2:18-CV-1769-KJM-CMK-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 9).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

1

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

        Plaintiff names Woodman, a correctional officer at the Glenn County Jail, as the only defendant and alleges that his constitutional rights were violated with respect to legal mail.  Specifically, plaintiff claims that defendant Woodman not only withheld Plaintiff's legal mail for 3 days but also opened Plaintiff's legal mail outside of Plaintiff's presence.  According to plaintiff, on November 11, 2017, defendant Woodman handed him mail marked "Confidential Legal Mail" which had arrived three days earlier and which had already been opened when it was handed to him.  Plaintiff alleges that defendant Woodman told him that his item of mail had been held in order to "verify if it was considered legal mail."  Plaintiff states: "Cpl. Woodman stated she found out that mail from Community Legal Information Center was not considered legal mail."  Plaintiff claims that he has been damaged "because it was Plaintiff's legal mail that was open [sic] outside of his presence."

        Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit.  For example, prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection.  See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981).  Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit.  At least three other circuits have concluded that legal mail may not be opened outside the inmate's presence.  See id. (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976), Back v. Illinois, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and Smith v. Robbins, 452 F.2d 696 (1st Cir. 1972)); see also Samonte v. Maglinti, 2007 WL 1963697 (D. Hawai'i July 3, 2007) (recognizing open question).  At least one court in this circuit, however,

has concluded, based on citation to a Sixth Circuit case, that a "prison's 'pattern and practice' of opening confidential legal mail outside of [the] inmate's presence infringes upon [the] inmate's First Amendment rights and access to the courts." Oliver v. Pierce County Jail, 2007 WL 1412843 (W.D. Wash, May 9, 2007) (citing Muhammad v. Pritcher, 35 F.3d 1081 (6th Cir. 1994)). The Ninth Circuit has, however, held that an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

In this case, plaintiff complains of a single isolated incident with respect to legal mail. Pursuant to Stevenson, the court finds that plaintiff's claim fails to rise to the level of a constitutional violation. Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed, with prejudice, for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 19, 2018

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE