IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL,<br><br>Plaintiff,<br><br>v.<br><br>WOODMAN,<br><br>Defendant. | No. 2:18-CV-1769-KJM-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to the then-assigned magistrate judge as provided by Eastern District of California local rules.

On July 20, 2018, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. No objections to the findings and recommendations have been filed.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . ."). Having reviewed the file, the court declines to adopt the findings and

/////

1

recommendations and refers the matter back to the currently assigned magistrate judge for further proceedings consistent with this order.

The magistrate judge recommends that plaintiff's civil rights action under 42 U.S.C. § 1983 should be dismissed with prejudice for failure to state a claim because the claim "does not rise to the level of a constitutional violation." Findings & Recommendations ("Findings"), ECF No. 13 at 3. The magistrate judge relies on *Stevenson v. Koskey*, for the proposition that "an isolated instance or occasional opening of legal mail outside the inmate's presence" does not rise to the level of a constitutional violation. Findings at 3 (citing 877 F.2d 1435, 1441 (9th Cir. 1989)).

However, *Stevenson* does not appear to address the constitutionality of "isolated" or "occasional" instances of opening an inmate's legal mail. 877 F.2d at 1441. Rather, the Ninth Circuit in that case addressed whether the defendant, a probation officer, was "out of the chain of causation for the alleged constitutional deprivation," which may have been caused by a corrections officer when the defendant handed him the plaintiff's mail and he opened it. *Id.* at 1438. The court explained, "[i]t matters not whether plaintiff's constitutional rights were violated by the corrections officer. Defendant did not participate in such violation." *Id.* The court implies that defendant may have been liable for a constitutional violation if her conduct had risen "above negligence," but held that "an official's negligent act does not implicate the due process clause." *Id*. at 1440-41 (citations omitted).

Because the Findings hinge on a misreading of *Stevenson*, the matter is referred back to the magistrate judge for review and revision in light of this order.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 20, 2018, are not adopted; and

---

[1] At page 3, lines 4-5, the findings and recommendations indicate that the court in *Oliver v. Pierce County Jail*, 2007 WL 1412843 (W.D. Wash, May 9, 2007), cites to a Sixth Circuit case. *Oliver* relied on both Sixth Circuit and Third Circuit authority, and quotes language from the Third Circuit case of *Bieregu v. Reno*, 59 F.3d 1445 (3d Cir. 1995). Fundamentally in this respect the Findings are correct, and this correction of the reference to Circuit authority does not affect the court's conclusion in this order.

2

2. This matter is referred back to the assigned magistrate judge for further proceedings consist with this order.

DATED: November 6, 2018.

_____
UNITED STATES DISTRICT JUDGE