IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WOODMAN,<br><br>　　　　Defendant. | No. 2:18-cv-1769-KJM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On June 18, 2019, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. Both parties have timely filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case. For the reasons explained below, the court declines to adopt the recommendation that this action be dismissed. Defendant's motion to dismiss will be denied and this matter will be referred back to the assigned magistrate judge for further proceedings consistent with this order.

1

I.     First Amendment Violation

The magistrate judge correctly summarizes the allegations in plaintiff's first amended complaint in Section I of the findings and recommendations, as follows:

> This action proceeds on plaintiff's first amended complaint (ECF No. 9). Plaintiff names Woodman, a correctional officer at the Glenn County Jail, as the only defendant and alleges that his constitutional rights were violated with respect to legal mail. Specifically, plaintiff claims that defendant Woodman not only withheld Plaintiff's legal mail for 3 days but also opened Plaintiff's legal mail outside of Plaintiff's presence. According to plaintiff, on November 11, 2017, defendant Woodman handed him mail marked "Confidential Legal Mail" which had arrived three days earlier and which had already been opened when it was handed to him. Plaintiff alleges that defendant Woodman told him that his item of mail had been held in order to "verify if it was considered legal mail." Plaintiff states: "Cpl. Woodman stated she found out that mail from Community Legal Information Center was not considered legal mail." Plaintiff claims that he has been damaged "because it was Plaintiff's legal mail that was open [sic] outside of his presence."

ECF No. 40 at 1-2. The magistrate judge finds that opening legal mail outside an inmate's presence gives rise to a cognizable First Amendment claim but recommends dismissal of this action with leave to amend because "review of the first amended complaint reflects plaintiff has not described the mail from CLIC in any way and does not allege CLIC was acting as his legal counsel with respect to any contemplated or actual litigation." *Id*. at 4 (citing *Turner v. Williams*, 2018 WL 1989512, slip op. at 3 (C.D. Cal. 2018)). The first part of this recommendation is clearly erroneous. As noted above, plaintiff alleges that the mail delivered to him by defendant Woodman was "marked 'Confidential Legal Mail'. . . ." ECF No. 40 at 1. The specific allegation in the first amended complaint is that "[t]he envelope the legal mail was sent in was stamped 'confidential legal mail'." ECF No. 9 at 4.

The law of this circuit is that "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017). This First Amendment protection extends to "civil legal mail." *Id*. at 1210-11. Plaintiff has specifically alleged that this mail was marked "Confidential Legal Mail." He is not required to allege more to state a cognizable claim for relief. The case of *Turner v. Williams*, 2018 WL 1989512 (C.D. Cal. 2018), relied on by

defendant, does not apply a different rule. In *Turner*, the mail at issue had been sent by the ACLU National Prison Project, and the sender had not marked the mail as legal mail nor had plaintiff alleged that the mail "concerned an actual or contemplated legal proceeding." *Turner*, slip op. at 3. In that circumstance, the rule that "[i]nmates have no right to be present when mail sent to them by 'recognized civil rights groups,' expressly including the ACLU" controlled. *Id*. There is no requirement that plaintiff allege both that the mail was marked "Confidential Legal Mail" and that it concerned actual or contemplated litigation. To state a cognizable claim for relief, one of the two is sufficient.

## II. DEFENSE OBJECTIONS

Defendant raises two objections. First, she contends the magistrate judge erred in failing to take judicial notice of information provided by defendant with the motion to dismiss, which defendant contends would establish the mail was not legal mail. ECF No. 41 at 2. Specifically, defendants ask the court to take judicial notice of the internet websites of the Community Legal Information Center (CLIC) and of Lawyers.judicia.com of CLIC, ECF No. 24-1 at 2, contending that "CLIC is a student run legal clinic out of Chico State" and therefore plaintiff could not amend his complaint to "allege that CLIC was representing plaintiff as legal counsel or that the mail concerned an actual or contemplated legal proceeding." ECF No. 23 at 5. Even if the information defendant points to is properly the subject of judicial notice, an issue the court does not decide, it would at most give rise to a triable issue of fact as to whether plaintiff's First Amendment rights were violated. As discussed above, the allegation that the mail was marked "Confidential Legal Mail" is sufficient to state a cognizable claim for relief.

Defendant also contends plaintiff cannot state a cognizable claim for relief based on this isolated incident. The United States Court of Appeals for the Ninth Circuit has held that even an isolated incident of opening an inmate's mail can support a Sixth Amendment claim. *See Mangiaracina v. Penzone*, 849 F.3d 1191, 1197 (9th Cir. 2017) (discussing *Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir. 2014)). Moreover, in *Hayes*, the Circuit found a cognizable First Amendment claim based on two "isolated instances" of opening civil legal mail outside an inmate's presence. 849 F.3d at 1211-12. Here, the allegations of the complaint, which are

3

accepted as true on this motion to dismiss, are that the decision to open the mail was intentional rather than accidental. Under these circumstances, plaintiff has stated a cognizable claim for relief. *Cf. Mangiaracina*, 849 F. 3d at 1198 ("whether an isolated incident was also accidental is a question of fact that we do not resolve on a motion to dismiss.").

Finally, defendant Woodman claims entitlement to qualified immunity. When a defendant raises the defense of

> qualified immunity in a motion to dismiss under Rule 12(b)(6), "dismissal is not appropriate unless [the court] can determine, based on the complaint itself, that qualified immunity applies." [*Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001). "Determining whether officials are owed qualified immunity involves two inquiries: (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (citation and internal quotation marks omitted).

*O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016).

Defendant Woodman contends it was not clearly established in November 2017 that "mail that has the term 'legal mail' stamped on it, but does not indicate it was sent by a licensed attorney, constitutes 'legal mail' under the First Amendment." ECF No. 23 at 7. Defendant's argument is without merit. By November 2017, when the events giving rise to plaintiff's claim occurred, it was clearly established in this Circuit that inmate legal mail can only be opened and inspected in the presence of the inmate to whom it is addressed. *See Hayes*, *supra*; *see also Nordstrom*, 762 F.3d at 910-11 (discussing requirement that inmate be present when legal mail is inspected); *Carrillo v. County of Los Angeles*, 798 F,3d 1210, 1221 (9th Cir. 2015) (internal citations omitted) ("'clearly established law' includes 'controlling authority in [the defendants'] jurisdiction."). Defendant's suggestion that prison officials could bypass this rule and open mail marked "Confidential Legal Mail" outside an inmate's presence to independently validate the designation ignores the weight properly afforded Circuit authority here.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 18, 2019, are not adopted;
2. Defendant's motion to dismiss and request for judicial notice (ECF Nos. 23 and 24) are denied; and
3. This matter is referred back to the assigned magistrate judge for further pretrial proceedings consistent with this order.

DATED: December 16, 2019.

_____
UNITED STATES DISTRICT JUDGE